UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| THOMAS OAKLEY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:16-CV-044 JD |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

Thomas Oakley, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (BTC 15-02-323) that was held at the Branchville Correctional Facility on February 24, 2015. The Disciplinary Hearing Officer (DHO) found him guilty of Fleeing/Resisting in violation of B-235 and sanctioned him with the loss of 60 days earned credit time. In the petition, Oakley raises four grounds. All four present arguments based on subsequent conduct reports which were filed months later.

Oakley concedes that he did not present Grounds One and Four to the Final Reviewing Authority. He explains that he did not do so because until the subsequent conduct reports were filed, he did not know about them. As for Grounds Two and Three, Oakley did not answer the question about whether he presented them to the Final Reviewing Authority. Nevertheless, because they too are based on the subsequent conduct reports, he could not have done so. In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(i)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel

> may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

Oakley did not present any of these grounds to the Final Reviewing Authority and the time for doing so has now passed. Therefore they are procedurally defaulted. Procedural default can be excused if the petitioner can show cause and prejudice. However, that is not possible here because none of these grounds could be a basis for habeas corpus relief in this case even if they had been properly exhausted in the State administrative process.

In Ground One, Oakley argues that when he requested video of the incident, the DHO falsely claimed that none existed. Oakley argues that when the video was subsequently found and reviewed, he was charged with three additional conduct violations. In the prison disciplinary context, an inmate has a constitutional right to present relevant, exculpatory evidence. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Here however, the requested video was not exculpatory because it corroborated the Conduct Report in this case. Therefore Ground One is not a basis for habeas corpus relief.

In Ground Two, Oakley argues that it was a violation of prison policies to have filed additional Conduct Reports against him months later based on the same incident after he was found

guilty in this hearing. Though that may have violated a prison policy, habeas corpus relief is not available for the violation of a prison rule. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Moreover, to the extent that any relief could be available for such a violation, it would be to dismiss the later, improperly filed charges – not to dismiss this original charge. Therefore Ground Two is not a basis for habeas corpus relief.

In Ground Three, Oakley argues that the improperly filed subsequent charges discussed in Ground Two list a different date and time for the incident in question. However he does not allege that the incident date on the Conduct Report which resulted in this charge was incorrect. Neither did he raise this during the hearing on this charge. Erroneously dating subsequent conduct reports is not a basis for habeas corpus relief in this case on this charge. Therefore Ground Three is not a basis for habeas corpus relief.

In Ground Four, Oakley argues that the DHO was not impartial because the requested video was not found and watched as requested.

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975).

*Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Here, Oakley has not alleged that any evidence of dishonesty exists. Though it is unclear why the DHO did not find and watch the requested video, as previously explained, even if the video had been found, it was not exculpatory and so not watching it could not have been prejudicial. Therefore Ground Four is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED** pursuant to Habeas Corpus Rule 4. The clerk is **DIRECTED** to enter judgment and close this case.

SO ORDERED.

ENTERED: August 3, 2016

                                      /s/ JON E. DEGUILIO
                                  Judge
                                  United States District Court